MUNGER, TOLLES & OLSON LLP

350 SOUTH GRAND AVENUE 50TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3426
TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

March 21, 2025

Writer's Direct Contact
(213) 683-9113
(213) 683-5113 FAX
laura.smolowe@mto.com

**VIA ECF**

Hon. Edgardo Ramos
U.S. District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 619
New York, NY 10007

>       Re:    *M Science LLC v. Luban*, **1:25-cv-00621-ER**
>              **Request for Pre-Motion Conference Re: Yipit's Proposed 12(b)(6) Motion**

Dear Judge Ramos:

I represent defendant Yipit, LLC in the above-referenced matter.  On January 21, 2025, M Science LLC[1] filed a complaint for alleged trade secrets misappropriation and related state-law claims against Stephen Luban ("Luban") and Yipit arising from Luban's alleged acquisition of its investment research products while he was employed by Yipit.  *See* Dkt. No. 4 ("Compl."). Pursuant to § 2(A)(ii) of Your Honor's Individual Practices, Yipit respectfully requests a pre-motion conference to discuss Yipit's proposed motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Yipit alerted M Science to some of the deficiencies in its complaint before filing this letter but M Science declined to amend its complaint voluntarily.  Yipit respectfully submits that, although it is prepared to proceed with motion practice, a conference would be the most efficient way to determine whether M Science can properly replead its sole federal claim and invoke this Court's subject matter jurisdiction.  The bases for dismissal are as follows:

## I.    The Sole Federal Claim Is Time-Barred, So The Action Should Be Dismissed.[2]

M Science invokes this Court's jurisdiction solely through its Defend Trade Secrets Act ("DTSA") claim.  Compl ¶¶ 7-8.  Because the sole federal claim is time-barred, the entire action should be dismissed.  *E.g.*, *Walden v. Sanitation Salvage Corp.*, No. 14-cv-00112-ER, 2015 WL 1433353, at *6 n.6 (S.D.N.Y. Mar. 30, 2015).

A DTSA action "may not be commenced later than 3 years after the date on which the misappropriation . . . is discovered or by the exercise of reasonable diligence should have been discovered," and "a continuing misappropriation constitutes a single claim."  18 U.S.C.

---

[1] For clarity, Yipit refers to M Science LLC and its subsidiary as "M Science." *See* Compl. ¶ 2.

[2] Laches also bars the claims.  M Science has undisputedly known about the alleged misconduct since April 2022, Compl. ¶¶ 45-46, but waited nearly three years to sue. Yipit has been prejudiced by this delay.

MUNGER, TOLLES & OLSON LLP

Hon. Edgardo Ramos
March 21, 2025
Page 2

§ 1836(d).  The DTSA claim must be dismissed if M Science discovered or should have discovered before January 21, 2022 that Luban was accessing its research products.

M Science alleges that it discovered the improper access "shortly" before it sent Yipit a letter about the issue over two years later, on April 11, 2022.  Compl. ¶ 45.  That allegation appears to be strategically vague, because the precise date of discovery is a fact in M Science's exclusive possession.  To that end, Yipit specifically asked M Science to clarify the date and means of discovery before Yipit filed this letter, but M Science refused.  When one party is in exclusive possession of a fact that would negate federal jurisdiction, it is appropriate to ask that party to disclose it upfront rather than delay an inevitable dismissal.  *E.g.*, *Diaz v. D'Angel Auto Body Repair, Inc.*, No. 24-cv-04220-ER, 2024 WL 4168628, at *2 (S.D.N.Y. Sept. 11, 2024) (directing party to disclose whether revenue exceeded statute's jurisdictional threshold).  And, if "shortly" before April 11 means any date prior to January 21, the claim must be dismissed.

Regardless, the facts alleged in the complaint establish that M Science reasonably should have discovered the alleged improper access in 2020.  M Science alleges that it guards its product library by issuing "unique login credentials" to authorized users and logging their activity (Compl. ¶¶ 33, 34); that Luban left an M Science customer for Yipit, a "competitor," around March 2020, but continued accessing M Science's product library using his "unique login credentials" for two more years (Compl. ¶¶ 30-34); and that this information was readily available in an "access log" (Compl. ¶ 33).  M Science must have or should have discovered the improper access soon after it allegedly began in March 2020, and certainly before January 21, 2022.  *See, e.g.*, *Espire Ads LLC v. TAPP Influencers Corp.*, 655 F. Supp. 3d 223, 252 (S.D.N.Y. 2023) (complaint allegations established inquiry notice and required dismissal of DTSA claim).

## II.    The Federal and State Trade Secrets Claims Also Fail as a Matter of Law.

The trade secrets claims also fail on the merits.  ***First***, M Science's external-facing research products are not trade secrets as a matter of law.  *See* Compl. ¶ 12 (identifying its "[t]rade [s]ecret [i]nformation" as its "investment research products and services").  *See Lehman v. Dow Jones & Co.*, 783 F.2d 285, 298 (2d Cir. 1986) (investment-related information and analysis was not a trade secret because it "was its *product:* like the car that rolls off the production line, this information was what Lehman had to sell").  ***Second***, M Science failed to take reasonable measures to protect their secrecy after it allegedly learned that the research products had been improperly obtained by Luban.  ***Third***, M Science does not allege that Luban was under any confidentiality obligation to M Science.

To the extent M Science would assert trade secrecy for "the processes and methods for developing those products" (Compl. ¶ 13), the complaint must be dismissed for three reasons.  ***First***, the allegations about its "methods" are much too vague.  *See Zirvi v. Flatley*, 433 F. Supp. 3d 448, 465 (S.D.N.Y.), *aff'd*, 838 F. App'x 582 (2d Cir. 2020).  ***Second***, M Science does not allege that Luban accessed its methods.  ***Third***, M Science publicly disclosed its methods in

MUNGER, TOLLES & OLSON LLP

Hon. Edgardo Ramos
March 21, 2025
Page 3

numerous patent applications and grants,[3] so they are not trade secrets. *Big Vision Priv. Ltd. v. E.I. DuPont De Nemours & Co.*, 1 F. Supp. 3d 224, 267 (S.D.N.Y. 2014), *aff'd sub nom. Big Vision Priv. Ltd. v. E.I. du Pont de Nemours & Co.*, 610 F. App'x 69 (2d Cir. 2015). Yipit alerted counsel for M Science to the public patents on M Science's "methods" and asked counsel to investigate the basis for M Science's claim of trade secrecy, but counsel declined.

### III.    The State Law Claims Fail for Independent Reasons.

*Unfair Competition and Unjust Enrichment.* These claims are based on the same conduct as the trade secrets claims (*see* Compl. ¶¶ 77, 87) and should be dismissed for the same reasons, and because they are duplicative. *TileBar v. Glazzio Tiles*, 723 F. Supp. 3d 164, 199 (E.D.N.Y. 2024); *id.* at 207-208.

*Conspiracy.* The conspiracy claim is entirely conclusory. *See* Compl. ¶¶ 102-107. There are no allegations that Yipit, through anyone other than Luban, played any role in the alleged misappropriation, and Luban cannot legally conspire with himself. *See In re Platinum-Beechwood Litig.*, 427 F. Supp. 3d 395, 442 (S.D.N.Y. 2019).

*Trade Secrets and Conversion.* These claims are subject to a three-year statute of limitations, *see* N.Y. C.P.L.R. § 214(3)-(4), and the claims accrue at the time of the injury, not discovery. *See Marvel Worldwide, Inc. v. Kirby*, 756 F. Supp. 2d 461, 469 (S.D.N.Y. 2010); *Zirvi*, 433 F. Supp. 3d at 461. The continuing tort doctrine is not available for the trade secrets claim because there are no non-speculative allegations that Luban ever used, let alone *continued* using, any trade secrets after January 21, 2022. *See Andrew Greenberg, Inc. v. Svane, Inc.*, 830 N.Y.S.2d 358, 362 (2007). Any claim based on access before January 21, 2022 is time-barred.

### IV.    The Complaint Fails to Plausibly Plead Any Wrongdoing By Yipit.

M Science joined Yipit as a defendant apparently under the theory of respondeat superior, but there are no non-speculative factual allegations to support that theory. The complaint surmises that Luban was the person accessing its portal because its access logs showed activity from Montana (Compl. ¶ 35), and then it makes the further leap that "Luban's misappropriation of Plaintiffs' research products and the processes and methods for developing those products, was committed in furtherance of Yipit's business and within the scope of Luban's employment with Yipit." Compl. ¶ 42. That is a bare legal conclusion, not a factual allegation, so M Science's claims against Yipit must be dismissed. *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1025 n.5 (9th Cir. 2017); *Sgaliordich v. Lloyd's Asset Mgmt.*, No. 10-cv-03669-ERK, 2011 WL 441705, at *6 (E.D.N.Y. Feb. 8, 2011).

---

[3] *See* U.S. Patent Nos. 11,928,697 ("Methods and systems for using multiple data sets to analyze performance metrics of targeted companies"); 10,650,392 (same); 9,760,899 (same); *see also* U.S. Patent App. Pub. Nos. 2020/0242638 (same); 2017/0352046 (same).

MUNGER, TOLLES & OLSON LLP

Hon. Edgardo Ramos
March 21, 2025
Page 4

Respectfully submitted,

Laura D. Smolowe
*Attorney for Defendant Yipit*

LDS