**CLARICK GUERON REISBAUM**

**Emily Reisbaum**

ereisbaum@cgr-law.com

Direct: 212.633.4311

March 24, 2025

**VIA ECF**
The Honorable Edgardo Ramos
United States District Court for the Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Courtroom 619
New York, New York 10007

Re:   *MScience LLC et al. v. Luban et al.*, Case No. 25-cv-00621

Dear Judge Ramos:

We represent defendant Stephen Luban and write, pursuant to Rule 2(a)(ii) of Your Honor's Individual Rules, to request a pre-motion conference to address Mr. Luban's contemplated motion to dismiss the claims asserted against him in the Complaint for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2).

MScience's jurisdictional allegations as to Mr. Luban all hinge on two claims: that Mr. Luban resides in New York, and that he works for Yipit, a New York company. (*See* Compl. ¶ 9.) But these allegations do not support a theory of either general or specific jurisdiction (MScience does not specify which it seeks) under New York law, nor do they not comport with due process. That is, MScience's jurisdictional allegations are either flatly wrong—Mr. Luban was not physically located in New York at any relevant time and never has been domiciled here, as he will attest; or they are insufficient to support jurisdiction as a matter of law—since the mere fact of Mr. Luban's employment by Yipit does not establish jurisdiction absent some nexus between his alleged conduct and New York, and MScience alleges no such nexus.

**This Court Lacks General Jurisdiction over Mr. Luban**

The "paradigm forum" for general jurisdiction over an individual is the individual's domicile. *Reich v. Lopez*, 38 F. Supp. 3d 436, 455 (S.D.N.Y. 2014) (citation omitted) (quoting *Goodyear Duplop Tires Opers., S.A. v. Brown*, 564 U.S. 915, 924 (2011)). The Second Circuit has observed that only in an "exceptional case" may an individual have contacts "so extensive to support general jurisdiction notwithstanding domicile elsewhere," but that "the Second Circuit has yet to find such a case." *Reich v. Lopez*, 858 F.3d 55, 63 (2d Cir. 2017).

As to domicile, MScience claims only that Mr. Luban maintained a New York residence from 2012 through 2023. (*See* Compl. ¶ 9.) This is untrue: while Mr. Luban attended college in New York and lived here for a few years after graduation, he left New York in 2018, ultimately returning to his home state of California. Moreover, Mr. Luban has never owned property in New York and has not resided (nor "maintained a residence") in New York since 2018—long

Honorable Edgardo Ramos                                                                                          Page 2
March 24, 2025

before the events alleged in the Complaint. But, even if he did, those facts would not establish domicile. *Reich*, 858 F.3d at 63 ("Owning property in a forum does not alone establish domicile."); *In re Laggner*, No. 22-mc-341, 2025 WL 311198, at *6 (S.D.N.Y. Jan. 28, 2025) (noting individual "may have multiple residences, but only one domicile" and that owning property does not confer general jurisdiction). Indeed, MScience makes *zero* allegation of *any* traditional indicia of domicile, nor can it: Mr. Luban has never voted, held a drivers' license, or maintained a bank account in New York, nor utilized a New York address since 2018. *See Hua Xue v. Jensen*, No. 19-cv-1761, 2020 WL 6825676, at *6 (S.D.N.Y. Nov. 19, 2020).

Nor can Plaintiffs establish general jurisdiction because of Mr. Luban's employment by Yipit: "employment in a company domiciled in a forum does not create jurisdiction over the individual employees in that forum." *Id.* at *6; *see Owens v. Ronemus*, No. 23-cv-3036, 2024 WL 3105605, at *7 (S.D.N.Y. June 24, 2024) (no general jurisdiction over non-domiciliary who was name partner of New York law firm); *see also Laufer v. Ostrow*, 55 N.Y.2d 305, 313 (1982) (employee "does not subject himself, individually, to the [general] jurisdiction of our courts . . . unless he is doing business in our State individually").

### This Court Lacks Specific Jurisdiction over Mr. Luban

Though MScience leans heavily on Yipit's New York headquarters, its pleading elides any connection between Mr. Luban's actual alleged conduct and the state of New York, defeating the exercise of specific jurisdiction over Mr. Luban, which requires a showing that MScience's claims against Mr. Luban arose from (1) his transaction of business in New York, C.P.L.R. 302(a)(1); or (2) a tortious act in New York, C.P.L.R. 302(a)(2); or (3) a tortious act having an effect in New York, if Mr. Luban (i) regularly does business, engages in a persistent course of conduct, or derives substantial revenue from New York, C.P.L.R. 302(a)(3)(i), or (ii) reasonably expects his acts to have consequences in New York and derives substantial revenue from interstate commerce, C.P.L.R. 302(a)(3)(ii).

There is no jurisdiction under Section 302(a)(2) because Mr. Luban was not "physically present in New York" at the time of any alleged tortious act. *Campbell v. Azrak*, No. 18-cv-3051, 2020 WL 4001894, at *2 (S.D.N.Y. July 15, 2020) (citing *Bank Brussels Lambert v. Fiddler, Gonzalez & Rodriguez*, 171 F.3d 779, 789-90 (2d Cir. 1999)). Not only will Mr. Luban attest to this, but *MScience's own pleading is in accord*: MScience admits that it consulted IP data in an "access log" and determined that Mr. Luban allegedly accessed the MScience portal *from Montana*, where he was living at the time—not from New York. (Compl. ¶¶ 34-35.) Accordingly, there is no colorable basis for MScience's dubious claims that Mr. Luban accessed Plaintiff's systems "*while he was located in New York*" or used Plaintiff's reports "*in New York.*"

There also is no jurisdiction under Section 302(a)(1): MScience alleges no "particularized facts" of Mr. Luban's activities in New York, let alone "activities in New York [with] an articulable nexus, or substantial relationship, to the underlying cause of action"—even assuming any such activities constituted the transaction of business. *In re SSA Bonds Antitrust Litig.*, 420 F. Supp. 3d 219, 233-34 (S.D.N.Y. 2019) (Ramos. J.). Not only was Mr. Luban not in New York when he allegedly accessed MScience's portal (*see supra*), but MScience fails even to allege that its own allegedly protected information—that is, the files or documents Mr. Luban

allegedly accessed, or the servers on which MScience stores that data—were in New York. *See Applied Res. Inv., LLC v. Lin*, No. 22-cv-7100, 2023 WL 6294181, at *4 (S.D.N.Y. Sept. 27, 2023) (exercising 302(a)(1) jurisdiction over non-domiciliary where—unlike here—plaintiff alleged defendant "downloaded Plaintiff's confidential documents *from New York servers*" and thus "engaged in purposeful activity" with New York (emphasis added)). Nor does MScience allege that Yipit's servers are located in New York—in fact, they are not—and the bare allegation that Mr. Luban allegedly shared MScience's reports with Yipit employees in New York is far too conclusory to establish jurisdiction. *See Virgin Enters. Ltd. v. Virgin Eyes LAC*, No. 08-cv-8564, 2009 WL 3241529, at *3 (S.D.N.Y. Sept. 30, 2009) ("one conclusory allegation that defendants transacted business with one or more persons located in New York" did not establish personal jurisdiction). Indeed, the mere fact that Mr. Luban was employed by Yipit cannot establish jurisdiction over Mr. Luban absent a "geographical nexus" to New York—and MScience alleges none. *Transclick, Inc. v. Rantnetwork, Inc.*, No. 11-cv-8171, 2013 WL 4015768, at *5 (S.D.N.Y. Aug. 7, 2013) (no jurisdiction over remote employee of NY company absent "performance of the contractual relationship in New York or any geographical nexus between [defendant's] activity and New York"); *Al-Ahmed v. Twitter, Inc.*, 553 F. Supp. 3d 118, 127 (S.D.N.Y. 2021) (no jurisdiction where claims alleged "incursions" into social media account but plaintiff failed to allege "any activity that occurred in New York related to the alleged incursions").

Finally, there is no jurisdiction under Section 302(a)(3). MScience alleges no injury in New York, and it is "firmly established" that a plaintiff's domicile "is not enough to establish personal jurisdiction" over a defendant. *Energy Brands Inc. v. Spiritual Brands, Inc.*, 571 F. Supp. 2d 458, 467 (S.D.N.Y. 2008); *see also Convergen Energy LLC v. Brooks*, No. 20-cv-3746, 2020 WL 5549039, at *12 (S.D.N.Y. Sept. 16, 2020) ("The occurrence of financial consequences in New York due to the fortuitous location of plaintiffs in New York is not a sufficient basis for jurisdiction under § 302(a)(3) where the underlying events took place outside New York." (citation and quotation omitted)). Moreover, where (as here) a plaintiff alleges "nonphysical, commercial injury," the "situs of injury" is "where the critical events" took place—which, by MScience's own report, was not in New York. *AVRA Surgical Robotics, Inc. v. Gombert*, 41 F. Supp. 3d 350, 361 (S.D.N.Y. 2014). Indeed, MScience alleges that Mr. Luban caused a loss of "commercial value," "a competitive disadvantage," and "los[t] business" (Compl. ¶ 61; *see also id.* ¶ 78 (similar)), but such allegations are insufficient to establish jurisdiction. *See Transclick*, 2013 WL 4015768, at *7 (no jurisdiction under Section 302(a)(3) where Plaintiff alleged "lost profits and loss of reputation" but no harm *in New York*).

\*   \*   \*

We also intend to join the motion contemplated by defendant Yipit, LLC as described in the Letter of Laura D. Smolowe, dated March 21, 2025 (Dkt. 39).

Respectfully submitted,

*/s/Emily Reisbaum*

Emily Reisbaum