# Buchanan

**Andrew J. Shapren**
215 665 3853
Andrew.Shapren@bipc.com

Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA  19102-2555

T 215 665 8700
F 215 665 8760

April 1, 2025

**VIA CM/ECF**

The Honorable Edgardo Ramos
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

> Re:   M Science, LLC et al. v. Luban et al.; 1:25-cv-00621 (ER)(VF)

Dear Judge Ramos:

We represent M Science LLC and M Science Hong Kong Ltd. (collectively "M Science"). This letter responds to Yipit's letter requesting a pre-motion conference to discuss Yipit's proposed motion to dismiss.  Dkt. No. 39.

## I.   M Science's Trade Secret Claims Are Timely Pled

In its letter, Yipit asserts that M Science's claim under the Defend Trade Secrets Act ("DTSA") is untimely.  Dkt. No. 39 at 1.  But established caselaw makes clear that "the limitations date is 'normally a question of fact'" unsuitable to disposition on a pleadings motion except in the clearest of cases. *Hardwire, LLC v. Freyssinet Int'l Et Cie*, 2023 WL 1819321, at *2 (E.D.N.Y. Feb. 8, 2023) (citing *Schwab v. Philip Morris USA, Inc.*, 2005 WL 2467766, at *1 (E.D.N.Y. Oct. 6, 2005)); *see also Uni-Sys., LLC v. United States Tennis Ass'n, Inc.*, 350 F. Supp. 3d 143, 177 (E.D.N.Y. 2018) ("Dismissal at the pleading stage on statute-of-limitations grounds ordinarily is improper unless it is apparent from the face of the complaint that the claim is time-barred.") (citation omitted).  In fact, "a pre-answer motion to dismiss on [limitations] ground[s] may be granted ***only*** if it is clear on the face of the complaint that the statute of limitations has run." *Hardwire, LLC*, 2023 WL 1819321 at *2 (citing *Fargas v. Cincinnati Mach., LLC*, 986 F. Supp. 2d 420, 427 (S.D.N.Y. 2013) (emphasis added)); *see also Medcenter Holdings, Inc. v. WebMD Health Corp.*, 2021 WL 1178129, at *5 (S.D.N.Y. Mar. 29, 2021) ("The rule 'in the statute of limitations context is that dismissal is appropriate only if a complaint clearly shows the claim is out of time.'") (quoting *Harris v. City of N.Y.*, 186 F.3d 243, 250 (2d Cir. 1999)).

Yipit knows that M Science's complaint is timely on its face—and thus incapable of supporting its proposed Rule 12(b)(6) motion—so it tells the Court that M Science must plead the precise moment in time that it figured out the Defendants were stealing its information for their own competitive use and advantage.  Neither the DTSA nor the cases cited by Yipit support such a novel pleading requirement.  Indeed, Yipit does not cite any case which purports to create such an obligation in the context of statutes of limitations or DTSA claims, instead citing an inapposite case relating to pleading jurisdictional requirements.  *See* Dkt. No. 39 at 2 (citing *Diaz v. D'Angel Auto Body Repair, Inc.*, 2024 WL 4168628, at *2 (S.D.N.Y. Sept. 11, 2024) (Ramos, J.) (holding

Hon. Edgardo Ramos
April 1, 2025
Page - 2 –

that plaintiff's inability to plead the FLSA's required jurisdictional allegation of "gross sales of not less than $500,000," required the dismissal of his FLSA claims).

Yipit's assertions about what M Science "reasonably should have discovered" based on Luban's access of M Science's trade secrets between 2020 and 2022 are also incorrect. Nothing in the Complaint suggests that M Science suspected any misuse of its information until April of 2022 when it approached Yipit in a good faith effort to investigate Mr. Luban's activity. *See Mujae Grp., Inc. v. Spotify USA Inc.*, 2021 WL 230207, at *1 (S.D.N.Y. Jan. 7, 2021) ("[T]he Court finds that the Amended Complaint plausibly pleads that Plaintiff had no reason to suspect any misuse of its confidential information by Defendants prior to the release of Spotify Ad Studio in September 2017, and misappropriation of Plaintiff's trade secrets is, until this date, a continuing tort."). Yipit's guarded response to M Science in May of 2022 that Mr. Luban "neither confirmed nor denied engaging in the conduct" underlying M Science's concern, only heightened M Science's concerns about whether its information had been misused. Compl. at ¶¶ 45-46. Again, caselaw teaches that "[w]hat [M Science] should have discovered from the elaborate negative implication weaved [in Yipit's March 21 letter to the Court] is a question of fact better suited for a later stage of litigation. Even if [M Science] could have discovered the disclosure as early as [2020], it is not a foregone conclusion that it would or should have discovered it upon reasonable inquiry." *Hardwire, LLC*, 2023 WL 1819321, at *4 (citing *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 363 (2d Cir. 2013)); *see also Medcenter Holdings Inc.*, 2021 WL 1178129, at *5 (denying motion to dismiss DTSA and New York misappropriation claims where the complaint did not "clearly show[]" that the plaintiff should have discovered the misappropriation by exercise of reasonable diligence more than three years prior to the filing of the complaint).

Yipit is also incorrect when it argues that "[a]ny claim based on access before January 21, 2022 is time-barred[,]" and that the continuing tort doctrine does not apply to M Science's New York misappropriation claim. *See Uni-Sys., LLC*, 350 F. Supp. 3d at 178 (finding that while the plaintiff's state law misappropriation claim was subject to a three-year statute of limitations, the accrual date "depends on what the party alleged to have committed the misappropriation did with the information [and that if] the party keeps the secret confidential yet makes use of it to his own commercial advantage, each successive use constitutes a new actionable tort for purposes of the statute of limitations") (citing *CSFB HOLT LLC v. Collins Stewart Ltd.*, 2004 WL 1794499, at *8 (S.D.N.Y. Aug. 10, 2004)).

### II.     M Science's Trade Secret Claims Are Legally Sufficient

Yipit's merits-based arguments also do not provide a basis for dismissal of M Science's trade secrets claims. Whether M Science's trade secrets are sufficiently secret or whether M Science has taken adequate measures to protect its trade secrets are factual issues that typically should not be decided on a motion to dismiss. *See Frydman v. Verschleiser*, 172 F. Supp. 3d 653, 673 (S.D.N.Y. 2016) ("Whether the allegedly stolen information constitutes a trade secret is a question of fact that cannot be determined on a motion to dismiss.") (citation omitted); *see also Hedgeye Risk Mgmt., LLC v. Dale*, 2023 WL 6386845, at *5 (S.D.N.Y. Sept. 29, 2023).

Moreover, Yipit's assertions that M Science's proprietary research and underlying Excel back-up files are akin to a car and that "M Science does not allege that Luban was under any confidentiality obligation to M Science" are incorrect. Dkt. No. 39 at p. 2. M Science alleges that Luban was a former employee of an M Science customer, that the customer was subject to a

Hon. Edgardo Ramos
April 1, 2025
Page - 3 –

confidentiality agreement with the obligation to limit access to and use of M Science's information and trade secrets to "authorized users," and that Luban only had access to M Science's information and trade secrets by virtue of his prior authorized-user status. *See* Compl. ¶¶ 21-29; 52. Luban had a confidentiality obligation to M Science and its proprietary research products and Excel back-up files underpinning that research (Compl. ¶¶ 36-37) are nothing like other products, such as cars, which are offered to customers without confidentiality obligations.[1]

### III.   M Science's Other State Law Claims Are Also Legally Sufficient

<u>Unfair Competition and Unjust Enrichment</u>. M Science's unfair competition and unjust enrichment claims are adequately stated and sufficient to withstand Yipit's assertion that they are duplicative of M Science's trade secrets claims. *Compare Faiveley Transp. USA, Inc. v. Wabtec Corp.*, 758 F. Supp. 2d 211, 221 (S.D.N.Y. 2010) ("[T]he possessor of a trade secret states a claim for unfair competition when it alleges that it was harmed by the defendant's misappropriation of labor, skills, or expenditures from the trade secret's owner."); *see also Next Commc'ns, Inc. v. Viber Media, Inc.*, 2016 WL 1275659, at *5 (S.D.N.Y. Mar. 30, 2016) (permitting plaintiff to pursue trade secret and unjust enrichment claims even though each claim stemmed from the alleged misuse of information in violation of the parties' NDA).

<u>Conspiracy</u>. A conspiracy claim requires a "primary tort, plus the following four elements: (1) an agreement between two or more parties; (2) an overt act in furtherance of the agreement; (3) the parties' intentional participation in the furtherance of a plan or purpose; and (4) resulting damage or injury." *World Wrestling Fed'n Ent., Inc. v. Bozell*, 142 F. Supp. 2d 514, 532 (S.D.N.Y. 2001). M Science's complaint surpasses this threshold. *See e.g.*, Compl. ¶¶ 38-44; 101-08.

<u>Conversion</u>. Yipit's timeliness argument fails for the same reasons as its state law trade secret arguments.

### IV.   The Complaint Provides Sufficient Notice of Yipit's Misconduct

At its core, M Science's complaint alleges facts showing that Yipit is a "data-driven research and analytics firm that directly competes with M Science" (*see* Compl. ¶ 5); that over a two-year period Luban accessed M Science's protected computer systems and databases, without authorization, while serving as the VP of Product Development for Yipit (*see* Compl. ¶¶ 6, 9, 43); and that both Yipit and Luban improperly acquired and used trade secrets from M Science's research portal. *See* Compl. ¶¶ 30-48. These allegations and the fair inferences to be drawn from them adequately plead Yipit's role and status as wrongdoer, and M Science has satisfied its burden of putting Yipit on notice of the misconduct giving rise to the claims against it.

Respectfully yours,

Andrew J. Shapren

---

[1] M Science's patents are irrelevant because they do not relate to the specific underlying processes and methodologies for the companies at issue that are set forth in the reports and Excel backup files that Defendants' misappropriated.